IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT PAUL YANN ZARATE,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NOVA SCOTIA, et al.,<br><br>Defendants. | CV 26–73–M–DWM<br><br><br>ORDER |

On March 19, 2026, Plaintiff Robert Paul Yann Zarate—a Canadian national whose current residence is unknown—filed a complaint in Montana state court against various Canadian defendants, alleging injury arising out of a dispute related to a vehicle financing agreement. (*See* Doc. 10.) More specifically, in August 2018, Zarate purchased a Jeep Wrangler from Defendant Amherst Chrysler in the town of Amherst, Nova Scotia. (*Id.* at 5.) Zarate financed the vehicle with Defendant The Bank of Nova Scotia ("Scotiabank"), and provided information related to his employment and business activities as part of the financing application. (*Id.*) After receiving conflicting information from another applicant for financing, Scotiabank and Defendant Scotiabank Fraud Investigator Jean-Sébastien Perreault accused Zarate of providing false or misleading information. (*Id.* at 6–7.) Perreault relayed these accusations to third parties, including law

1

enforcement authorities.  Scotiabank initiated a civil repossession dispute, and the Jeep Wrangler was repossessed and resold.  (*Id.* at 7, 11.)

Relying on allegations from Scotiabank and other third parties, Constable Tom Wood of the Town of Amherst Police Department launched a criminal investigation into Zarate.  (*Id.* at 13.)  According to Zarate, the investigation was conducted with serious irregularities including "reliance on unverified statement… failure to obtain victim statements establishing fraud … repetition of exaggerated and unsupported allegations… intentional service of the summons to appear at an incorrect address… [and] the issuance of a Public Interest arrest warrant."  (*Id.*)  Zarate alleges that the criminal investigation led to the cancellation of his Canadian passport and resulted in economic and emotional losses related to his inability to manage his business interests in Montana.  (*Id.* at 15–16.)

Zarate ultimately brought twelve tort claims against two Canadian companies (Scotiabank and Amherst Chrysler (1999) Limited), four Canadian individuals (Perreault, Mike Allen, John Richard, and Wood), and a single Canadian municipality (Town of Amherst).  (*See generally, id.*)  On May 18, 2026, Defendants Town of Amherst and Constable Wood removed the case to this Court pursuant to the Foreign Sovereign Immunities Act ("FSIA").  (Doc. 1.)  That same day, Amherst and Wood filed a motion to dismiss for lack of subject matter jurisdiction under the FSIA.  (Doc. 3.)  Since then, Zarate has filed several

2

responses to that motion, (*see* Docs. 6, 7, 20), and numerous pro se notices and motions, (*see* Docs. 8, 11–16, 19, 21–25, 27–28, 31),[1] including a notice voluntarily dismissing the Town of Amherst, (Doc. 29).  For the reasons outlined below, this matter is remanded to the state court for lack of subject matter jurisdiction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction" and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In this vein, jurisdiction is generally limited to disputes arising under federal law (original jurisdiction), 28 U.S.C. § 1331, and disputes between citizens of different states (diversity jurisdiction), *id.* § 1332.  Law suits brought against foreign states "arise[] under federal law[] for the purposes of Article III jurisdiction." *Verlinden B.V. v. Ctrl. Bank of Nigeria*, 461 U.S. 480, 494 (1983).  Consistently, district courts "have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity" under

---

[1] Zarate was directed to stop filing until the motion to dismiss could be resolved. (Doc. 30.)  He did not do so.  (*See* Docs. 31, 32.)

3

the FSIA or any applicable international agreement.  28 U.S.C. § 1330(a); *see Sec. Pac. Nat'l Bank v. Derderian*, 872 F.2d 281, 284 (9th Cir. 1989) ("The FSIA provides the sole basis for subject matter jurisdiction in cases involving foreign sovereigns.").  Relevant here, "[a]ny civil action brought in a State court against a foreign state as defined [in the FSIA] may be removed by the foreign state to the" federal district court.  28 U.S.C. § 1441(d).

"[A] foreign state is presumptively immune from the jurisdiction of United States courts; unless a specific [FSIA] exception applies, a federal court lacks subject matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *see* 28 U.S.C. § 1604.  "If one of the specified exceptions to sovereign immunity applies, a federal district court may exercise jurisdiction under [the FSIA]; but if the claim does not fall within one of the exceptions, federal courts lack subject matter jurisdiction." *Verlinden B.V.*, 461 U.S. at 489.  "Thus, federal jurisdiction over both foreign and non-foreign parties does not attach until it is determined that the foreign sovereign lacks immunity from jurisdiction under the provisions of the FSIA." *Sec. Pac. Nat'l Bank*, 872 F.2d at 283.  "Subject matter jurisdiction under the FSIA . . . must be decided before the suit can proceed." *Phaneuf v. Rep. of Indonesia*, 106 F.3d 302, 305 (9th Cir. 1997).

Courts follow a burden-shifting framework for assessing immunity under the

4

FSIA. First, "when . . . it is not obvious or uncontested that the defendant is a foreign state, the defendant seeking to assert FSIA immunity bears the initial burden to make a prima facie case that it is a foreign state." *United States v. Pangang Grp. Co.*, 6 F.4th 946, 954 (9th Cir. 2021) (cleaned up). "Once this prima facie case has been established, the burden shifts to the plaintiff to make a sufficient showing that an exception to the FSIA applies." *Id.* "If the plaintiff satisfies this burden of production, jurisdiction exists unless the defendant demonstrates by a preponderance of evidence that the claimed exception does not apply." *Id.* (internal quotation marks and alteration omitted). Common exceptions to FSIA immunity include waiver, 28 U.S.C. § 1605(a)(1), commercial activity carried out in the United States or foreign commercial activity that "causes a direct effect in the United States," *id.* § 1605(a)(2), and/or torts that occur in the United States, *id.* § 1605(a)(5).

## ANALYSIS

Because the Town of Amherst is/was immune and there is no independent basis to retain jurisdiction, this matter is remanded to the state court. Although Zarate has voluntarily dismissed the Town of Amherst from this action, (*see* Doc. 29), the Town of Amherst's status as a "foreign state" was the basis for removal under the FSIA. *See* 28 U.S.C. § 1441(d). The Court must therefore determine if that removal was proper and federal subject matter jurisdiction attached. *Sec. Pac.*

5

*Nat'l Bank*, 872 F.2d at 283.

A "foreign state" under the FSIA "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). An "agency or instrumentality of a foreign state" is further defined as any entity

> (1) which is a separate legal person, corporate or otherwise, and

> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

> (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

*Id.* § 1603(b).

The Town of Amherst argues that, as "a municipal corporation organized under the laws of the Province of Nova Scotia, Canada," (Doc. 4 at 7), it is a political subdivision of Canada. While there is a healthy corpus of law affirming the political subdivision status of federal government ministries and departments, *see, e.g.*, *Garb v. Rep. of Poland*, 440 F.3d 579, 594–98 (2d Cir. 2006), there is little authority delineating the vertical scope of "political subdivision." Although the text of the FSIA provides no further direction, the legislative history indicates that "[t]he term 'political subdivisions' includes all governmental units beneath the central government, including local governments." *Id.* at 596 (quoting H.R. Rep.

6

No. 94-1487, at 15 (1976)); *see also Restatement (Third) of Foreign Relations Law*, § 452, cmt. b (1987) (explaining that, in contrast to international common law, the FSIA "provides that constituent units of federal unions are entitled to sovereign immunity to the same extent as the federal state itself"). Here, the Town of Amherst is an "incorporated town" within the Municipality of the County of Cumberland, (Doc. 17-1 at 10), and it was created by, and continues to be governed by, legislative acts promulgated by the Canadian province of Nova Scotia, (Doc. 17-2 at ¶¶ 5–6). It therefore qualifies as a "political subdivision" of Canada.[2] *See Bolkiah v. Supr. Ct.*, 74 Cal. App. 4th 984, 992–93 (Cal. 1999) (explaining that while "[t]he FSIA does not define 'political subdivision of a foreign state,' . . . the legislative history of the act indicates the term refers to subordinate government entities such as provinces, cantons, counties, municipalities or the like").

Because the Town of Amherst has shown that it is a foreign state for the purposes of the FSIA, Zarate bears the burden of showing that an exception to FSIA immunity applies. *Pangang Grp.*, 6 F.4th at 954. He has failed to do so. There is no evidence that the Town of Amherst waived its immunity, 28 U.S.C.

---

[2] Even if this were not the case, remand would be required. If the Town of Amherst is not a "foreign state" under the FSIA, removal under 28 U.S.C. § 1441(d) would have been improper. *See Doe v. Bolkiah*, 74 F. Supp. 2d 969, 974 (D. Haw. 1998) (remanding case to state court after finding that removing defendant was not a "foreign state" within the meaning of the FSIA).

§ 1605(a)(1), the alleged misconduct was not based on commercial activity carried out in the United States or foreign commercial activity that had a "substantial," "direct effect" in the United States, *id.* § 1605(a)(2); *Sec. Pac. Nat'l Bank*, 872 F.2d at 285, and the alleged torts occurred in Canada, not the United States, 28 U.S.C. § 1605(a)(5). Because the Town of Amherst is immune from suit under the FSIA, original jurisdiction never attached, 28 U.S.C. § 1330(a), and remand is required. *See Sec. Pac. Nat'l Bank*, 872 F.2d at 287.

Notably, even if removal was proper and jurisdiction attached under the FSIA, *Sec. Pac. Nat'l Bank*, 872 F.2d at 283, the voluntary dismissal of the Town of Amherst would necessitate remand. If jurisdiction has properly attached under § 1441(d), "the FSIA provides federal jurisdiction over pendent parties, at least where . . . minimal diversity exists among the adverse parties." *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407 (9th Cir. 1989). Such diversity does not exist here, as both Zarate and all the remaining defendants are Canadian.

One remaining question is that of Constable Wood. Constable Wood neither qualifies as a "political subdivision" nor an "agent or instrumentality" of Canada. For many years, courts consistently held that "an 'agency or instrumentality of a foreign state' for the purposes of the FSIA includes individuals acting in their official capacity." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 978 F.2d 493, 496 (9th Cir. 1992); *Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095,

1106–07 (9th Cir. 1990).  However, in 2010, the Supreme Court abrogated this line of authority, holding that "foreign state" as contemplated in the FSIA does not "include an official acting on behalf of the foreign state." *Samantar v. Yousuf*, 560 U.S. 305, 319 (2010); *see Dogan v. Barak*, 932 F.3d 888, 893 (9th Cir. 2019) ("[T]he FSIA "does not govern sovereign immunity over individual foreign officials.").  Thus, Constable Wood is not a "foreign state" under the FSIA.  He is therefore not immune from suit under the FSIA.  However, Zarate has made the Town of Amherst an indispensable party to his claims against Wood: "The Plaintiff further pleads that the Town of Amherst is vicariously liable for the actions of Tom Wood, who was acting within the court and scope of his employment as a municipal police officer." (Doc. 10 at 13.)  Because the Town of Amherst is a required party, *see* Fed. R. Civ. P. 19(a)(1)(B)(i), and joinder is not feasible because the Town of Amherst is immune, it is likely that the action against Wood must be dismissed.  *See* Fed. R. Civ. P. 19(b); *Rep. of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008) ("[D]ismissal of the action must be ordered where there is a potential injury to the interests of the absent sovereign.").  Because this Court lacks subject matter jurisdiction, however, that issue will need to be addressed by the state court.

## CONCLUSION

Accordingly, IT IS ORDERED that the matter is REMANDED to the

9

Eleventh Judicial District Court, Flathead County.[3]  The Clerk is directed to terminate all pending motions, transfer the case file to the state court, and close the above-captioned matter.  No further filings will be accepted in this matter.

DATED this 21st day of July, 2026.

13:25 γ.м.

Donald W. Molloy, District Judge
United States District Court

---

[3] Had Zarate not voluntarily dismissed the Town of Amherst, the Town of Amherst would have been dismissed with prejudice as immune from suit under the FSIA. Zarate may not resurrect his claims against the Town of Amherst on the basis that they were not resolved here.